IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFERSON D. CALLAGHAN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-534-JPG ) |
| ROGER E. WALKER, JR., | ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

      Plaintiff, a state prisoner at the Pontiac Correctional Center, filed a civil complaint pursuant to 42 U.S.C. § 1983 against Roger Walker, Donald Hulick, and Barbara Mueller, in the United States District Court for the Central District of Illinois. *See Callaghan v. Walker*, No. 08-1144 (C.D. Ill.). The Central District of Illinois conducted a threshold review of the complaint pursuant to 28 U.S.C. § 1915A and identified the following three claims as surviving § 1915A review: (1) against Defendant Mueller for violating Plaintiff's Eighth Amendment rights by sexually assaulting him; (2) against Defendants Hulick and Walker for violating Plaintiff's Eighth Amendment rights when they were informed of the attacks, but took no action; and (3) against Defendants Mueller, Hulick, and Walker for violating Plaintiff's Eighth Amendment rights when they were deliberately indifferent to Plaintiff's serious medical condition after the assaults.

      After the Defendants filed an answer to the complaint, the Central District of Illinois transferred the case here pursuant to 28 U.S.C. 1404(a). Upon review of this matter, this Court agrees with the Central District that these claims survive review under 28 U.S.C. § 1915A.

Accordingly, Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

If Plaintiff does not comply with this Order, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *see generally Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

**IT IS SO ORDERED.**

**Dated: March 5, 2010.**

    s/ J. Phil Gilbert
    **U. S. District Judge**